CARLSON, Presiding Justice, specially
concurring:
¶ 37. While I join the majority opinion, I write separately once again to address in more detail the issue of giving the flight instruction. Although I agree with the majority’s finding that the flight instruction was proper in today’s case, I again caution against the use of the instruction. It must be emphasized that the (hopefully) rarely-used flight instruction should be requested, and granted, with prudence. As I have previously written:
[T]he use of the flight instruction in this state can be described in one word— “dangerous.” In my years of experience as a trial judge, the flight instruction was very seldom requested by the prosecution and almost never given. It simply is not needed. While evidence of flight might be relevant, no legitimate purpose is served by the jury receiving an instruction from the trial court (which heightens the importance of the evidence in the eyes of the jury) highlighting for the jury the fact that the jury can consider evidence of flight as “a circumstance of guilt or guilty knowledge” when “that flight is unexplained and somehow probative of guilt or guilty knowledge.” See Reynolds v. State, 658 So.2d 852, 856 (Miss.1995); Fuselier v. State, 468 So.2d 45, 57 (Miss.1985). The term “unexplained flight” is somewhat nebulous, anyway, and a trial court, by giving a flight instruction, simply puts itself in a position of possibly placing reversible error in an otherwise clean record. If a trial court persists in giving a flight instruction, I suggest that it do so with great caution.
Randolph v. State, 852 So.2d 547, 567-68 (Miss.2002) (Carlson, J., concurring).
¶ 38. Likewise, we have stated that, although evidence of flight is admissible under Mississippi Rule of Evidence 404(b), this evidence ultimately must be filtered through Mississippi Rule of Evidence 403. Shaw v. State, 915 So.2d 442, 447 (Miss.2005). Admittedly, the trial court, as with all evidentiary decisions, is afforded considerable discretion. Id. at 447 (citing Foster v. State, 508 So.2d 1111, 1118 (Miss.1987), overruled on other grounds by Powell v. State, 806 So.2d 1069, 1080 (Miss.2001)). However, there is this caveat: “[Ejvidence of flight is inadmissible where there is an independent reason for the flight.” Id. (citations omitted).
¶ 39. Keeping all of this in mind, I again emphasize that great caution should be used when the prosecutor submits, and the trial judge considers, a proposed flight instruction. Because of the possible prejudice associated with the instruction, there is a great risk for reversal if the instruction is improperly granted, despite what might be an otherwise error-free record.
*510 ¶ 40. Returning to today’s case, the majority, by reference to the Court of Appeals’ discussion on the issue of Sanders’s flight, adopts that court’s reasoning. My problem with this is that the Court of Appeals’ discussion on this issue reveals that it considered Sanders’s absence for twenty years as evidence of flight. Sanders v. State, 63 So.3d 554, 574-75, ¶¶ 67-68 (Miss.Ct.App.2010). The Court of Appeals stated:
Dr. [William] Lott testified that in his opinion Sanders’s actions after the murders, i.e. unplugging and hiding the telephone, fleeing to a different state, using aliases to conceal his identity, indicate knowing concealment and well-reasoned behavior. Therefore, we find that the circuit court did not err in granting the prosecution’s instruction on flight.
Id. at 574-75, ¶ 68. Certainly, some of this evidence was relevant to the issue of Sanders’s flight from the scene immediately after the crimes; however, earlier in its opinion, the Court of Appeals had referenced Dr. John McCoy’s testimony in response to a question concerning Sanders’s absence for twenty years after the crimes were committed. Id. at 574, ¶ 67.
¶ 41. The purpose of the flight instruction is to inform the jury that it might consider the defendant’s flight from the scene immediately after the commission of the crime as a circumstance from which guilty knowledge might be inferred. While the prosecution understandably might wish to present evidence of a defendant’s extended absence from the state and argue that fact to the jury (which the prosecutor would have every right to do, especially since the jury would be curious as to why it had taken more than twenty years after the crimes to bring a defendant to trial), the flight instruction in today’s case was appropriate only to the extent of allowing the jury’s consideration of the fact that Sanders had fled the scene of the crime immediately after the commission of the crimes. The difference in what the prosecutor can do, and what the trial judge can do via a written instruction to the jury, is the cold hard fact that when a trial judge instructs the jury on such matters as a defendant’s flight, such action only “heightens the importance of the evidence [of flight] in the eyes of the jury.” Randolph, 852 So.2d at 568 (Carlson, J., concurring).
¶ 42. In the end, however, even if giving the flight instruction in today’s case was error, such error was harmless beyond a reasonable doubt inasmuch as the overwhelming weight of the evidence supported the guilty verdict as to the murder of Elma Sanders. See Kolberg v. State, 829 So.2d 29, 49 (Miss.2002).
¶ 43. Having had my say once again on the dreaded flight instruction, I concur in today’s majority opinion.
WALLER, C.J., AND LAMAR, J., JOIN THIS OPINION. KITCHENS, J., JOINS IN PART.